



J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| **In re:** | |
| **BK RACING, LLC,** | Chapter 11 |
| Debtor. | Case No: 18-30241 |
| **MATTHEW W. SMITH,** | |
| Plaintiff, | |
| v. | |
| **RONALD C. DEVINE** *et al*. | Adversary Proceeding No.: 20-03014 |
| Defendants. | |

**ORDER REGARDING: (I) OBJECTIONS TO AND MOTIONS TO QUASH SUBPOENAS, AND (II) OMNIBUS RESPONSE TO MOTIONS TO QUASH SUBPOENAS DUCES TECUM AND CROSS-MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

THIS MATTER came before the Court for hearings on February 21, 2023, and March 28, 2023, upon: (i) the Motions to Quash (defined below), filed by Cordes Law, PLLC ("Cordes"), The Coppola Firm, PLC ("Coppola"), Essex Richards, P.A. ("Essex Richards"), Faircloth Law, PLLC, d/b/a Regent Law ("Regent"), and James F. Davis, P.C. ("Davis," and together with Cordes, Coppola, Essex Richards, and Regent, the "Non-Party Firms"), and (ii) the *Omnibus Response to*

*Motions to Quash Subpoenas Duces Tecum and Cross-Motion to Compel Production of Documents* (the "Cross-Motion"), [Doc. 157], filed by Matthew W. Smith in his capacity as the sole manager for reorganized BK Racing, LLC ("Plaintiff").  Andrew T. Houston, Esq. appeared on behalf of the Plaintiff;  Sarah L. DiFranco, Esq. appeared on behalf of Coppola;  Ryan D. Bolick, Esq. appeared on behalf of Cordes; William F. Kirk, III, Esq. appeared on behalf of Regent; Edward B. Davis, Esq. appeared on behalf of Essex Richards, and Paul B. Hlad, Esq. appeared on behalf of Davis.

Based upon a review of the record, the contents of the Motions to Quash and the Cross-Motion, the parties' filings, the statements of counsel at the hearings, and for the reasons stated on the record, the Court finds and concludes that: (i) the Motions to Quash should be denied and the related objections should be overruled, and (ii) the Cross-Motion should be granted.  The Court makes the following findings and conclusions:

1.  On December 19, 2022, the Court entered its *Order Granting Default Judgment* (the "Judgment"). [Doc. 96].  The Judgment awarded Plaintiff damages against the Defendants, jointly and severally, in the total amount of $31,094,099.89.  The Judgment also awarded the Plaintiff approximately $185,000.00 in legal fees against the Defendants[1] in this adversary proceeding.

2.  The Court entered the Judgment as a sanction for, among other things, the Defendants' historical failures to make discovery, disclose their bank accounts, and comply with Court orders.[2] [Doc. 96 at 4].

---

[1] The term "Defendants" refers collectively to defendants Ronald C. Devine, Brenda S. Devine, Randall Devine 2010 Irrevocable Trust, Christopher Devine 2010 Irrevocable Trust, Benjamin Devine 2010 Irrevocable Trust, BRC Loans, LLC, BRC Real Estate Holdings, LLC, A&R Foods, Inc., Virginia Racers Group, LLC, Property Services, Inc., US Financial Companies, LLC, and Devine Family Foundation.

[2] The facts giving rise to the entry of the Judgment are set forth in this Court' *Order Granting Plaintiff's Renewed Motion to Compel and Imposing Sanctions, Including Striking Defendants' Answer and Entering Default Judgment* entered on August 23, 2022 (the "Sanctions Order"). [Doc. 81].  The terms of the Sanctions Order and Judgment are

3. The Defendants appealed the Judgment on January 2, 2023. [Doc. 102]. The Judgment is a final order, and the Defendants did not seek or obtain a stay of the Judgment while the appeal is pending.

4. The Plaintiff filed and served the Defendants with a *Notice of Service of Subpoenas* on January 19, 2023, [Doc. 113], and subsequently served subpoenas (collectively, the "Subpoenas") on the Non-Party Firms, all of which have represented one or more of the Defendants.

5. The Plaintiff issued the Subpoenas pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure in an effort to discover the Defendants' bank accounts (given their repeated failure to disclose them) and the location of funds or other assets that can be used to satisfy the Judgment.

6. The Subpoenas each contain one request and command production of "[d]ocuments evidencing all transactions to and/or from the bank accounts of [the Non-Party Firm name] (including without limitation its client trust account(s) and operating account(s)), which occurred between January 1, 2021 and the present in connection with its representation of the . . . ." Defendants.[3]

7. The Subpoenas clarify that the documents sought include: "checks; cancelled checks; debit and credit memoranda; wire notices, advices, and confirmations; deposit slips; withdrawal slips; receipts; wiring instructions; trust account ledgers; and periodic bank statements."

8. The Subpoenas invite compliance through the electronic production of documents

---

incorporated by reference as if set forth fully herein.

[3] The Subpoenas directed to Essex Richards and Cordes request documents relating to those firm's representation of any of the Defendants reaching back to January 1, 2018, because they represented the Defendants prior to 2021 in this bankruptcy case.

made to an email address belonging to one of the Plaintiff's attorneys. The Subpoenas do not require the Non-Party Firms or their attorneys to travel to or appear in Charlotte, North Carolina for either the production of documents or a deposition.

9. The Non-Party Firms filed the following motions and briefs (collectively, the "Motions to Quash"):

    a. *Motion to Quash and Objection to Subpoena by Non-Party Cordes Law, PLLC*, [Doc. 124];

    b. *Brief in Support of Objection to Subpoena and Motion to Quash by Non-Party Cordes Law, PLLC*, [Doc. 125];

    c. *Objection to Plaintiff's Subpoena Duces Tecum and Motion to Quash by Non-Party The Coppola Firm, PLC*, [Doc. 126];

    d. *Brief in Support of Objection to Plaintiff's Subpoena Duces Tecum and Motion to Quash by Non-Party The Coppola Firm, PLC*, [Doc. 127];

    e. *Objection and Motion to Quash Subpoena by Non-Party Faircloth Law, PLLC, d/b/a Regent Law*, [Doc. 128];

    f. *Objection and Motion to Quash* filed by Essex Richard, [Doc. 129];

    g. *Brief in Support of Objection and Motion to Quash Subpoena* filed by Essex Richards, [Doc. 130];

    h. *Objection and Motion to Quash by Non-Party James A. Davis*, [Doc. 151];

    i. *Memorandum of Law in Support of Objection to Plaintiff's Subpoena Duces Tecum and Motion to Quash by Non-Party James A. Davis*, [Doc. 152];

    j. *Amended Motion to Quash and Amended Objection to Subpoena* filed by Cordes, [Doc. 187]; and

    k. *Supplemental Brief in Support of Objection to Plaintiff's Subpoena Duces Tecum and Motion to Quash by Non-Party the Coppola Firm, PLC*, [Doc. 193].

10. Following the initial hearing on the Motions to Quash on February 21, at the Court's invitation, several of the Non-Party Firms filed privilege logs and supplements in further support of the Motions to Quash. [Docs. 189, 191-193].

11. The Motions to Quash advance variations of the following arguments: (i) that the

Subpoenas are procedurally deficient as to the Virginia law firms (Davis and Coppola) because they violate the "100 mile rule" of Rule 45, (ii) that the Subpoenas require production of confidential information protected by Rule 1.6 of the North Carolina and/or Virginia Rules of Professional Conduct, (iii) that the Subpoenas require the production of information subject to the attorney-client privilege, and (iv) that the Subpoenas subject non-parties to undue burden.

12. In the Cross-Motion, the Plaintiff: (i) responds to the above-referenced arguments advanced by the Non-Party Firms, and (ii) moves for the entry of an order pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure to compel production of the documents sought by the Subpoenas.

A. **The Information Sought by the Subpoenas is Relevant and Proportional to the Needs of the Case**

13. Rule 69 of the Federal Rules of Civil Procedure, made applicable in this action by Rule 7069 of the Federal Rules of Bankruptcy Procedure, allows a judgment creditor to "obtain discovery from any person . . . as provided in these rules . . . ." in an effort to locate assets that may be subject to execution. Fed. R. Civ. P. 69(a)(2). Rule 26, in turn, limits discovery to those matters "relevant to any party's claim . . . and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1).

14. The information sought by the Plaintiff from the Non-Party Firms is clearly relevant to his attempt to enforce the Judgment by locating assets belonging to the Defendants upon which he might execute. Moreover, seeking this information from the Non-Party Firms is proportional to the needs of this case. It would not be reasonable to expect the Plaintiff to get this discovery from the Defendants because it was the Defendants' unwillingness to participate in discovery that led to the entry of the Judgment as a sanction.

15. Having determined that the Subpoenas seek relevant information and that the

information requested is proportional to the needs of the case, the Court now turns to the content of the Non-Party Firms' objections.

**B. The 100 Mile Rule is Inapplicable where Documents can be Produced via Email or Mail**

16. The Subpoenas invite the production of documents in electronic format via email. During oral arguments on the Motions to Quash, Plaintiff's counsel indicated they would also accept any such production via mail.

17. The two Virginia firms (Coppola and Davis) invoke the "100 mile rule" of Rule 45 of the Federal Rules of Civil Procedure to avoid complying with the Subpoenas. This Court rejects their argument.

18. Rule 45 governs subpoenas and provides, among other things, that a subpoena may require "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; . . ." Fed. R. Civ. P. 45(c)(2)(A).

19. However, "many courts take the position that 'Rule 45(c)(2)(A)'s 100-mile boundary does not apply where . . . the subpoenaed person is not instructed to also appear at the production location along with the requested documents.'" *Order Denying Amended Request for Protective Order and Denying Amended Written Objections to Subpoena*, *In re BK Racing, LLC*, No. 18-30241, Doc. 312, at 1-2 (Bankr. W.D.N.C. June 10, 2019) (quoting *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017)).

20. Accordingly, this Court previously held that "the 100-mile rule is inapplicable . . . ." where the requested documentation could be produced by mail. *Id.* at 2.

21. Since Coppola and Davis can comply with the Subpoenas by emailing or mailing the responsive documents to Plaintiff's counsel as requested, the Court hereby overrules the Virginia firms' "100 mile rule" objections to the Subpoenas.

**C. Rule 1.6 of the Rules of Professional Conduct is not a Valid Basis to Refuse to Produce Documents Requested Pursuant to a Subpoena**

22.    Each Motion to Quash invokes Rule 1.6 of the North Carolina or Virginia Rules of Professional Conduct, as applicable, governing confidentiality as a basis to refuse compliance with the Subpoenas.

23.    The ethical obligations contained in the rules of professional conduct are not coextensive with the attorney-client privilege nor do they create such a privilege. *United States v. Ballard*, 779 F.2d 287, 293 (5th Cir. 1986) ("The attorney-client privilege exists apart from, and is not coextensive with, the ethical confidentiality precepts.").

24.    Rule 1.6 of the Rules of Professional Conduct as adopted by both North Carolina and Virginia specifically provide an exception for the attorney to comply with the "law" or a "court order." N.C. RPC 1.6(b)(1) ("A lawyer may reveal information protected from disclosure by paragraph (a) to the extent the lawyer reasonably believes necessary: (1) to comply with the Rules of Professional Conduct, the law or court order."); Va. RPC 1.6(b)(1) ("To the extent the lawyer reasonably believes necessary, the lawyer may reveal: (1) such information to comply with law or a court order.").

25.    The "court order" exception under Rule 1.6(b)(1) encompasses duly issued subpoenas, therefore the rule does not restrict a lawyer from releasing otherwise confidential information when complying with a lawfully issued subpoena. *Angell v. Williams* (*In re Williams*), No. 08-00188-8-AP, 2009 Bankr. LEXIS 1600, at *7-8 (Bankr. E.D.N.C. June 8, 2009); *accord*, *United States v. Evans*, 954 F. Supp. 165, 170 (N.D. Ill. 1997) (holding that the professional conduct rules "allow disclosure of client confidences upon a court order."); *Margules v. Beckstedt*, 20109 IL App (1st) 190012, ¶ 31, 142 N.E.3d 325, 334 (Ill. App. June 4, 2019) (holding that rules of professional conduct did not "bar the disclosure of . . . [a] third-party client's identity.").

26. The foregoing authorities demonstrate that the confidentiality requirements of Rule 1.6 of the North Carolina or Virginia Rules of Professional Conduct give way to a lawfully issued subpoena or a court order.

27. Accordingly, the Non-Party Firms' objections based on Rule 1.6 of the applicable Rules of Professional Conduct are therefore overruled.

**D. The Non-Party Firms Failed to Sufficiently Identify Any Privileged Materials**

28. The Non-Party Firms objected to complying with the Subpoenas on the grounds that producing the requested records would somehow require the disclosure of information that is protected by the attorney-client privilege.

29. The law requires that "the party claiming the protection bears the burden of demonstrating the applicability. . . ." of the privilege. *Solis v. Food Emplrs. Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011).

30. "Typically, the attorney-client privilege does not extend to billing records and expense reports." *Chaudry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). Thus, facts such as "[t]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected . . . ." *Id*.

31. None of the Non-Party Firms or their clients or former clients have carried the burden of showing that any documents responsive to the Subpoenas are protected by the attorney-client privilege. Rather, the Non-Party Firms only identified banking and transaction records that are not protected from disclosure by the attorney-client privilege.

32. Accordingly, the Non-Party Firms' objections to responding to the Subpoenas based on the attorney-client privilege are overruled.[4]

---

[4] The attorney-client privilege belongs to the client and not the attorney. Notice of the Subpoenas was provided to the Defendants, but the Defendants did not file an objection to the Subpoenas or submit any

**E. The Subpoenas do not Subject the Non-Party Firms to an Undue Burden**

33. Rule 45(d) of the Federal Rules of Civil Procedure provides that upon timely motion the Court must quash or modify a subpoena that: "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

34. A movant seeking to have a subpoena quashed has "the burden of proof . . . and must meet 'the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. Mar. 5, 1998) (citations omitted). To satisfy its burden, the party raising an undue burden objection must detail the anticipated time and expense involved with responding to the request, typically with an affidavit. *AMTRAK v. Guy M. Turner, Inc.*, No. 4:15-CV-68-BO, 2016 U.S. Dist. LEXIS 61073, at *9 (E.D.N.C. May 9, 2016) (collecting cases).

35. The Court is not persuaded by the Non-Party Firms' submissions and arguments that the Subpoenas impose an undue burden on them. Moreover, the Subpoenas were narrowly-tailored because they only contained one request to each of the Non-Party Firms for banking and transaction records covering a reasonable period of time.

36. Accordingly, the Non-Party Firms have failed to carry their burden to show the Subpoenas are unduly burdensome and their objections on these grounds are hereby overruled.

**THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:**

A. The Motions to Quash are denied and all objections to the Subpoenas are overruled.

B. The Plaintiff's Cross-Motion to compel production of documents responsive to the Subpoenas is granted.

---

evidence demonstrating that the Subpoenas sought documents that are protected by the attorney-client privilege.

   C. Within fourteen (14) days from the entry of this order, the Non-Party Firms shall produce to the Plaintiff all documents that are responsive to the Subpoenas.

   D. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, and enforcement of this order.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |
|---|---|